

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>BERNARD MULLEN JR, AKA "CRIPNARD"<br><br>                Defendant. | No. 3:25-mj-00684-MMS |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, David Rose, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Drug Enforcement Administration.

2. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that BERNARD MULLEN JR, AKA "CRIPNARD" has committed the following federal criminal offenses: 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, Involving 500 grams or more of a Mixture and Substance Containing a Detectable Amount of Methamphetamine).

3. I am a Special Agent with the Drug Enforcement Administration and have been since April 2019. I am assigned to the Anchorage District Office Enforcement Group, which is tasked with conducting short-term and long-term investigations into illegal

controlled substances trafficking in Alaska and elsewhere in the United States. My duties include, but are not limited to, monitoring targets' social media, collecting and reviewing surveillance video, interviewing targets, monitoring recorded inmate telephone calls, working with confidential informants and undercover officers, and applying for and executing search warrants. I am also the Clandestine Laboratory Coordinator for the DEA in the State of Alaska. As such, I participated in an intensive three-week training course in the manufacture and operation of illicit hazard environment laboratories, including methamphetamine labs, fentanyl labs, and fentanyl milling operations. I have participated in the execution of over 100 search warrants for houses, apartments, electronic devices, and social media accounts, which resulted in the seizure of controlled substances, drug paraphernalia, ammunition, firearms, United States currency, and other evidence of such crimes. I have conducted and assisted in over 200 investigations, including three long-term drug investigations that involved electronic monitoring.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the affidavit is intended to establish probable cause to support a complaint and secure an arrest warrant, I have not included each and every fact known to me concerning this investigation.

**FACTS ESTABLISHING PROBABLE CAUSE**

5. For the reasons stated herein, I submit that there is probable cause to arrest BERNARD MULLEN JR AKA "CRIPNARD" (hereafter referred to as the "MULLEN") for violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Conspiracy to Distribute and Possess

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS     Page 2 of 8
Case 3:25-mj-00684-MMS    Document 1-1    Filed 10/29/25    Page 2 of 8

with Intent to Distribute Controlled Substances, Involving 500 grams or more of a Mixture and Substance Containing a Detectable Amount of Methamphetamine). This probable cause is based on the following:

6. The United States, including the and Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), along with the Alaska State Troopers (AST) conducted a criminal investigation of MULLEN, a drug trafficker known to be part of an organization involved in transporting large quantities of various narcotics, including methamphetamine, into and within the State of Alaska.

7. On October 2, 2025, investigators from AST were conducting a routine parcel sort at a common carrier facility in Anchorage, AK. During the parcel sort, investigators located a parcel bearing tracking number 393727507124 (hereafter, PARCEL) and determined it to be suspicious.

8. The PARCEL listed its weight as 29 pounds and was 14" x 14" x 14" in dimensions. The listed sender of the PARCEL was a "Sophie West" at 519 S Meadow Rd, West Covina CA." The listed recipient and delivery address for the PARCEL was a "Kendall Cambridge" at 1321 Marten St, Anchorage AK. A records check revealed that the sender and receiver information on the PARCEL was false. Inv. Nolin subsequently commanded her K9 partner, Yara, to conduct a sniff of the PARCEL. When commanded to sniff the Parcel, K9 Yara alerted and indicted on the PARCEL.

9. Investigators from AST obtained State of Alaska Search Warrant 3AN-25-03490SW for the PARCEL and executed it. Upon execution of the warrant, investigators discovered the PARCEL contained approximately 22 pounds of a crystal-like

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS          Page 3 of 8
Case 3:25-mj-00684-MMS     Document 1-1     Filed 10/29/25     Page 3 of 8

substances which field tested positive for methamphetamine. Based on my training and experience, this amount of methamphetamine is indicative of a distribution quantity and not indicative of personal use quantities.

10. After locating the methamphetamine inside of the PARCEL, I was contacted by investigators from AST. AST investigators and I, along with members of the Anchorage FBI Field Office, elected to conduct a controlled delivery of the PARCEL. As such, State of Alaska Beeper Order 3AN-25-03493SW was obtained to place electronic equipment into the PARCEL.

11. At approximately 4:15PM, October 2, 2025, investigators delivered the PARCEL to the front door of 1321 Marten St. Surveillance units in the area observed the PARCEL be brought into the residence by a juvenile male after it was delivered to the front door.

12. At approximately 8:06PM, surveillance units in the area observed a female exit from the Martin St residence carrying the PARCEL. The female carried the PARCEL to a red Ford Freestyle and placed the PARCEL inside of it. The female then entered the driver's seat of the vehicle and departed the area. At this time mobile surveillance of the vehicle and PARCEL commenced.

13. Surveillance units followed the vehicle and PARCEL to the area of 309 N Bragaw St, Anchorage, AK, which is a small apartment building. At approximately 8:17PM, I partially observed the vehicle parked on the east side of 309 N Bragaw Street with its lights still on. This area is accessible by an alley and appears to be the location for the apartment building at 309 N Bragaw Street's parking lot. As the vehicle parked,

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS    Page 4 of 8
Case 3:25-mj-00684-MMS    Document 1-1    Filed 10/29/25    Page 4 of 8

investigators were alerted by the equipment placed in the PARCEL that the PARCEL was being moved.

14. Approximately a minute later, I observed the vehicle depart from the alley and leave the area. At this time, the GPS inside of the PARCEL showed that it was still in the vicinity of the parking lot of the apartment building. Investigators subsequently established surveillance around 309 N Bragaw St.

15. At the time the PARCEL was taken to 309 N Bragaw St by the female, investigators knew that Bernard MULLEN JR resided at 309 N Bragaw St Unit 3. At this time, MULLEN JR was under court-imposed release conditions while awaiting sentencing for a prior drug case where he sold methamphetamine to an undercover detective. MULLEN JR's release was for home detention and electronic monitoring. MULLEN JR was also known to be a member of the Anchorage street gang "Lynch Mob Crips" and went by the moniker of "Cripnard."

16. At approximately 10:30PM, investigators obtained and executed State of Alaska Search Warrant 3AN-25-3497SW for Unit 3 of 309 N Bragaw St to recover the PARCEL. At this time, I was in possession of a radio which alerted me the PARCEL had not moved locations. Investigators knocked and announced their presence on the front door to Unit 3. They were not met with a response and breached the apartment's door. Upon breaching the door, and continuously announcing their presence, investigators heard a male voice from the back of the apartment saying "hello." Investigators continued to make commands for the male to exit from the apartment, while still announcing their presence as law enforcement. Approximately two minutes later, MULLEN came to the front door of the

apartment and was detained. MULLEN was then placed in a marked APD patrol car.

17. After MULLEN was removed from the residence, investigators made entry and did not locate any other individuals inside. After clearing the residence of occupants and securing it, investigators began searching for the PARCEL. During this search, investigators observed boxes of buprenorphine and U.S. Currency in plain view. Investigators also observed a video security system which monitored the exterior and entrance to the complex.

18. After the residence was secured, investigators on the exterior of the residence alerted members of the entry team that the PARCEL was located in the he back seat of a silver Chevy 1500 pick-up bearing Alaska registration KGC926, registered to Rosalyn WYCHE, who is MULLEN's mother.

19. After locating the PARCEL in the Chevy 1500, the State Court of Alaska granted investigators an amendment to the previously issued State of Alaska Search Warrant 3AN-25-3497SW for Unit 3 to further search for evidence indicative of the trafficking of controlled substances. During the search, investigators located and seized several electronic devices, six boxes containing buprenorphine (an opioid treatment drug), and a combined total of $70,111.00 of U.S. Currency throughout the apartment.

20. Investigators also located two key fobs for the Chevy 1500 and the bill of sale for the truck inside of the apartment. The bill of sale listed MULLEN as the purchaser of the vehicle on August 29, 2025, for $35,000.00. Instigators used the set of keys to unlock the truck and then removed the PARCEL from the vehicle.

//

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS        Page 6 of 8
Case 3:25-mj-00684-MMS   Document 1-1   Filed 10/29/25   Page 6 of 8

21. As the search of the apartment was underway, MULLEN was transported to the DEA Anchorage District Office for the purposes of an interview. MULLEN was provided with his post arrest warnings by investigators and consented to an interview. During the interview he admitted to ordering the PARCEL and having the female bring and place the PARCEL in his truck.

22. Based on my training and experience, I submit that on or about October 2, 2025, MULLEN and other associates of his had entered into an agreement with each other to distribute and possess with intent to distribute controlled substances in Anchorage, Alaska, which involved 500 grams or more of methamphetamine, its salts, its isomers, and salts of its isomers.

**CONCLUSION**

23. For the reasons described above, based on my training and experience and the facts as set forth in this affidavit, I submit that there is probable cause to believe that BERNARD MULLEN JR, AKA "CRIPNARD" has committed the offenses described in the attached criminal complaint. Accordingly, I ask the Court to issue the complaint and an arrest warrant for BERNARD MULLEN JR, AKA "CRIPNARD" in accordance with Federal Rule of Criminal Procedure 4(a).

//
//
//
//
//

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS   Page 7 of 8
Case 3:25-mj-00684-MMS   Document 1-1   Filed 10/29/25   Page 7 of 8

RESPECTFULLY SUBMITTED,

*David A. Rose III* (signature)

David Rose
Special Agent
Drug Enforcement Administration

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 on October 29, 2025, 2025.

_____
Hon. Matthew M. Scoble
U.S. Magistrate Judge
DISTRICT OF ALASKA

*Affidavit in Support of Criminal Complaint*
3:25-mj-00684-MMS	Page 8 of 8
Case 3:25-mj-00684-MMS   Document 1-1   Filed 10/29/25   Page 8 of 8